BERTHA STILLEY

v.

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The State, in the absence of express statute, is not liable for injuries sustained by those in its employ.

2. JURISDITCION—*Act creating Court does not enlarge.* The Act creating the Court of Claims has not enlarged or increased the liability of the State in any particular.

3. PRACTICE—*claimant not precluded.* Under the facts, as developed by the proof, the Court, while rejecting the claim, does not preclude claimant.

James Lingle, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant was employed at the Lincoln State School and Colony, one of the State charitable institutions, beginning her employment in March 1911. She worked principally in the laundry from that time until June 11, 1913, the date upon which she met with the injury complained of.

On the day of the injury, her employment was in another department, but for the purpose of instructing a new employee, she and another employee were engaged in putting a clean canvas over one of the rolls of a mangle. This machine used for ironing is about 8x10 feet in size on the floor, and in the neighborhood of five feet high. On top of a metal bed, which was heated by steam, and in which were successive depressions, there were four iron rollers, each, about ten feet long and six inches in diameter. These rollers were covered first with heavy felt, over which was placed canvas, and whenever this became soiled, it was replaced with a clean piece and this was the work claimant was doing at the time of her injury. The rollers were connected with cogs at either end, and could be raised by means

of a foot lever only while revolving. At the time of the accident in question, there was a pressure of about seventy pounds of steam which heated the metal bed over which the rollers operated.

To change the canvas, the rollers were raised, the soiled canvas removed, and the roller turned so that several inches of the felt extended out; the roller was then lowered and an operator at either end with one hand kept the canvas smooth and straight, and with the other, inserted the edge of the canvas between the rollers and felt to a point where the contact of the roller with the bed caught the canvas and drew it around the roller, which was revolving. The power was electricity supplied through a switch.

In adjusting the canvas, it was necessary to stand on top of a stool and lean over to reach the rollers. The first or front roller was guarded, but the second roller upon which claimant was working was unguarded.

While claimant was engaged in making the change of the canvas and standing on a stool, in some way her left hand was caught and drawn into the machine. It is uncertain from the evidence whether the stool upon which she was standing tipped, and threw her into the machine, because she was leaning over, or was struck by an inmate of the institution and knocked out from under her, or whether her hand was caught and the stool tipped over afterwards, but for the purpose of this case it is really immaterial. After the stool had fallen down, she hung suspended from the machine and an employee held her up and an inmate turned off the power. To release her, it was necessary to again turn on the power and draw her hand still further in so that the foot pedal could be pressed down. Her hand was drawn in almost to the wrist. It was severely crushed and several bones were broken and she received very severe burns which have caused permanent disfigurement. She returned to work after about a month, but has suffered pain and inconvenience be-

cause of the breaking and crushing of the bones and the severity of the burns and likewise the unsightly condition of her hand causes her great annoyance.

Claimant alleges negligence on the part of the State, in that, the rollers should not have been heated at the time the work was done; that an insufficient number of employees were provided, and, that inmates of the institution should not have been permitted in the room. The State defends that it is not responsible for injuries to its employees prior to the enactment of the compensation law; that the evidence does not disclose how the accident occurred, and therefore negligence cannot be charged to the State.

This Court has repeatedly held, that in the absence of express statutory enactment assuming liability by the State in particular classes of cases, there can be no recovery. Claimant was employed in a charitable institution conducted by the State in the exercise of its governmental function, and in consequence, even though there were negligence in every way claimant alleges, she cannot recover from the State in this cause. And we have already repeatedly stated, that the doctrine of *respondeat superior* is not applicable to the State.

The Act creating this Court has not enlarged or increased the liability of the State in any particular, and it is only where the State assumes liability, as in the military and naval code, that this Court can award damages in a proper case for personal injuries.

*O'Donnell* v. *State,* 1 C. of C. R., 255; *Taylor* v. *State,* C. of C. Opinion filed May 22, 1914. .

As we said in the case of *Taylor* v. *State, supra:*

"While claimant was in the employ of the State and paid by the State, we cannot agree with his contention in our interpretation of the law that an analogy can be drawn between his relations with his employer and the relation of master and servant."

In this view of the law, we must reject this claim, but will give it further consideration for the purpose of ascertaining whether or not the rejection shall be

final or without prejudice to the claimant. An examination of the record in this case appeals strongly to sympathy. Claimant, an unmarried woman twenty-one years of age, has sustained what to her is indeed a serious injury. We can not believe from the evidence that claimant herself was in any way negligent. If the rules governing the relation of master and servant were here applicable, it might be said that she assumed the risk of employment. Had the work been done when the heat was turned off the machine, claimant undoubtedly would not have sustained what to her is the most serious feature of the injury. She was ordered to do the work while the machine was heated to a high degree, and while in a court of law an employer under like circumstances would undoubtedly have a good defense, yet, this accident happened but a few days before the Workmen's Compensation Law went into effect. It was the declared policy of the State at the time of the accident, that its employees receiving injuries should be compensated. The statute had been passed but the law was not in force. Under such circumstances, we do not believe it would be doing justice to reject this claim and thereby preclude the claimant from presenting her claim to the legislature.

Were it in our power so to do, we would undoubtedly award the claimant seven hundred fifty ($750.00) dollars.

It is the judgment of the Court that this claim be rejected but without prejudice to the rights of complainant to present her claim to the legislature.